*Collins v. City of New York*, __ CV __

## Exhibit F

1. *People v. Cortez*, 149 Misc.2d 886 (Sup. Ct. Kings Co. 1990): Police violated "spirit" of *Brady* by intentionally destroying a tape they were ordered by the court to preserve. The court found that the D.A.'s office shared responsibility and the indictment was dismissed.

2. *People v. Moss*, 176 A.D.2d 826 (2d Dept. 1991): Conviction reversed for police officer's loss and/or destruction of contemporaneous description of the defendant.

3. *People v. Clausell*, 182 A.D.2d 132 (2d Dept. 1992): Police failed to disclose buy report with description of suspect that was inconsistent with officer's testimony. New trial ordered for *Brady* violation.

4. *People v. Nikollaj,* 155 Misc.2d 642 (Sup. Ct. Bronx County 1992): New trial ordered for *Rosario* violations where police failed to turn over numerous inconsistent statements of complainant officers. Court also criticized police for placing defendant in a lineup consisting of Bronx police officers as fillers, despite fact that complainants were also Bronx police officers.

5. *People v. Dunn*, 185 A.D.2d 54 (1st Dept. 1993): Conviction reversed in part where, among other things, police detective destroyed interview notes.

6. *People v. Morrow*, 204 A.D.2d 356 (2d Dept. 1994): Conviction reversed where a significant portion of police report was not disclosed.

7. *People v. White,* 200 A.D.2d 351 (1st Dept. 1994): Conviction reversed where DD5 containing *Brady* and *Rosario* material was not disclosed, and only was discovered through defendant's post-conviction FOIL request to the NYPD and Bronx DA's Office.

8. *People v. Anderson,* 222 A.D.2d 442 (2d Dept. 1995): Conviction reversed where scratch notes lost or destroyed due to officer's "lack of due care."

9. *People v. Brogdon*, 213 A.D.2d 418 (2d Dept. 1995): Conviction reversed where notes made by NYPD sergeant were withheld from defendant, and where identification by undercover "cannot be said as a matter of law" to have been "merely confirmatory and not suggestive."

10. *People v. Joseph*, 86 N.Y.2d 565 (1995): Adverse inference instruction appropriate where police deliberately destroyed interview notes.

11. *People v. White*, 232 A.D.2d 436 (2d Dept. 1996): Conviction reversed due to loss of police officer's memo book through lack of due care, where there was a serious identification issue, and defendant was prejudiced by his inability to cross-examine officer using missing memo book.

12. *People v. Gallman*, 240 A.D.2d 512 (2d Dept. 1997): Conviction reversed for failure to disclose notes of police interview with a key witness; officer's typewritten notes were not duplicative equivalent because they contained "variations".

13. *People v. Jackson*, 237 A.D.2d 179 (1st Dept. 1997): Conviction reversed for *Brady* violation consisting of the withholding by the police of internal affairs reports that contained entries that significantly were at variance with prosecution's evidence at trial and were favorable to defendant.

14. *People v. Branch*, 175 Misc.2d 933 (Sup. Ct. Kings County 1998): People successfully fought motion to vacate judgment based upon confession of real killer; conviction overturned in 2002 after key prosecution witness recanted and said police paid him for his cooperation.

15. *People v. Cannon*, 191 Misc.2d 136 (Sup. Ct. Kings Co. 2002): Motion to vacate conviction denied, but Brooklyn D.A.'s office and NYPD warned of future sanctions if the police continue policy of destroying or failing to preserve evidence.

*Collins v. City of New York*, __ CV __

Exhibit G

1. *Hart v. City of New York*, 186 A.D.2d 398 (1st Dept. 1992): Damage award upheld against police officers who gave false grand jury and trial testimony.

2. *Tong v. City of New York, et al.*, 95-cv-7965 [S.D.N.Y., settled 10/4/95, $35,000]: Plaintiff arrested for traffic violation, which was later dismissed. Complaint alleged *Monell* theory of liability based on the City's deliberate indifference to constitutional obligations of the NYPD, failure to train and supervise police officers, and negligent hiring of officers, which caused violations of plaintiff's constitutional rights.

3. *Dabbah v. City of New York, et al.*, 95-cv-2952 [S.D.N.Y., settled 3/12/96, $35,000]: Plaintiff arrested without probable cause on disorderly conduct charges; charges dismissed on People's motion 8 months after arrest.

4. *Boland v. City of New York, et al.*, 93-cv-5058 [E.D.N.Y., settled 8/6/96, $30,000]: Plaintiff arrested without probable cause; held in custody for two nights.

5. *Kadlub v. City of New York, et al.*, 95-cv-1080 [E.D.N.Y., settled 12/11/96, $34,000]: Plaintiff arrested without probable cause on drug possession and sale charges. Complaint alleged *Monell* theory of liability based on the City's deliberate indifference to constitutional obligations of the NYPD, failure to train police officers, and negligent hiring of officers, which caused violations of plaintiff's constitutional rights.

6. *Castro v. City of New York, et al.*, 94-cv-5114 [S.D.N.Y., settled 3/18/97, $72,500]: Plaintiff arrested on weapons possession charges without probable cause; charges dropped after plaintiff was held in custody for several hours. Complaint alleged that NYPD officer responded to plaintiff's complaints about wrongful arrest by saying that he would not release her, but if the arrest were in error she could "always sue the City, [because] they got a lot of money."

7. *McCaskill v. City of New York, et al.*, 96-cv-3687 [E.D.N.Y., settled 7/10/97, $100,000]: Plaintiff arrested for disorderly conduct without probable cause; charges pending for approximately 6 months before dismissal by the court.

8. *Gurley v. City of New York, et al.*, 95-cv-2422 [E.D.N.Y., settled 8/21/97, $1,7500,000]: Conviction obtained in 1972 was vacated over 20 years later based on prosecutor's withholding of exculpatory evidence, including an NYPD ballistics report. Complaint alleged that NYPD had longstanding policy of deliberate indifference to the constitutional requirement that exculpatory evidence be preserved and disclosed to defendants.

9. *Gaylock v. City of New York, et al.*, 96-cv-6183 [E.D.N.Y., settled 3/6/98, $90,000]: Plaintiffs arrested without probable cause on weapons charges, which were pending for

10 months before dismissal by court. Complaint alleged *Monell* theory of liability based on the City's failure to train police officers, and negligent hiring of officers, which caused violations of plaintiff's constitutional rights.

10. *Gordon v. City of New York, et al.*, 97-cv-8035 [S.D.N.Y., settled 11/12/98, $40,000]: Plaintiff arrested without probable cause based on false allegations in felony complaint made by NYPD officers; charges dismissed by prosecutor 3 months after arrest.

11. *Perez v. City of New York, et al.*, 98-cv-2331 [S.D.NY., settled 1/16/99, $15,000]: Plaintiff arrested without probable cause; charges dismissed by court approximately 6 months after arrest.

12. *Ziehenni v. City of New York, et al.*, 98-cv-3763 [S.D.N.Y., settled 3/5/99, $55,000]: Plaintiff arrested without probable cause; charges pending for 2 ½ months before they were dismissed by the court. Complaint alleged arrest was made in retaliation for plaintiff's prior CCRB complaint.

13. *Deluise v. City of New York, et al.*, 98-cv-2551 [S.D.N.Y., settled 3/18/99, $28,500]: Plaintiff arrested without probable cause.

14. *Napoli v. City of New York, et al.*, 97-cv-1255 [E.D.N.Y., settled 4/9/99, $60,000]: Plaintiff arrested on weapons possession and assault charges based on false testimony by NYPD officers in grand jury. Plaintiff acquitted approximately one year after arrest. Complaint alleged *Monell* theory of liability based on the City's deliberate indifference to constitutional obligations of the NYPD, failure to train and supervise police officers, and negligent hiring of officers, which caused violations of plaintiff's constitutional rights.

15. *Jefferson v. City of New York, et al.*, 98-cv-1097 [E.D.N.Y., settled 4/14/99, $175,000]: Plaintiff corrections officer arrested on drug charges without probable cause; charges pending for 5 months before grand jury returned no true bill. Complaint alleged that NYPD officers failed to inform prosecutors of their knowledge of plaintiff's innocence during the prosecution.

16. *Denizard v. City of New York, et al.*, 98-cv-423 [E.D.N.Y., settled 6/4/99, $64,000]: Plaintiff arrested without probable cause for disorderly conduct, resisting arrest. Charges dismissed on People's motion eight months after arrest.

17. *Sweazie v. City of New York, et al.*, 99-cv-419 [E.D.N.Y., settled 10/20/99, $20,000]: Plaintiff arrested on weapons possession charges; prosecution continued based on NYPD officers' false statements in felony complaint. Charges dismissed when grand jury voted no true bill. Complaint alleged *Monell* theory of liability based on the City's deliberate indifference to constitutional obligations of the NYPD, failure to train police officers, and negligent hiring of officers, which caused violations of plaintiff's constitutional rights; also alleged NYPD's institutional failure to follow up on civilian complaints made to IAB and CCRB.

18. *Daniels v. City of New York, et al.*, 00-cv-1981 [S.D.N.Y., settled 3/15/00, $28,500]: Plaintiff arrested without probable cause on weapons charges; charges dismissed by the court 8 months after arrest.

19. *Almonte v. City of New York, et al.*, 99-cv-519 [E.D.N.Y., settled 7/12/00, $30,000]: Plaintiff arrested on drug sale charges without probable cause; indictment dismissed by the court 1 year, 9 months after arrest. Complaint alleged *Monell* theory of liability based on the City's deliberate indifference to constitutional rights, failure to train police officers, and negligent hiring of officers, which caused plaintiff's malicious prosecution and unlawful arrest.

20. *Fields v. City of New York, et al.*, 99-cv-8130 [E.D.N.Y., settled 7/28/00, $15,000]: Plaintiff arrested without probable cause; prosecution continued for four months before dismissal by court. Complaint alleged *Monell* theory of liability based on the City's failure to train police officers, and negligent hiring of officers, which caused violations of plaintiff's constitutional rights.

21. *Younger v. City of New York, et al.*, 00-cv-836 [S.D.N.Y., settled 9/1/00, $25,000]: Plaintiff arrested without probable cause; complaint alleged that arrest was made in retaliation for plaintiff's complaint to IAB.

22. *Lovell v. City of New York, et al.*, 00-cv-0002 [S.D.N.Y., settled 10/20/00, $40,000]: Plaintiff arrested without probable cause for turnstile jumping based on false statements made by NYPD officer in criminal complaint. Complaint alleged *Monell* theory of liability based on the City's deliberate indifference to constitutional obligations of the NYPD, failure to train police officers, and negligent hiring of officers, which caused violations of plaintiff's constitutional rights; also alleged NYPD's institutional failure to follow up on civilian complaints made to IAB and CCRB.

23. *Cotto v. City of New York, et al.*, 00-cv-1341 [E.D.N.Y., settled 12/01/00, $30,000]: Plaintiff arrested without probable cause; charges pending for one month before dismissal by the court.

24. *Coleman v. City of New York, et al.*, 00-cv-2019 [E.D.N.Y., settled 1/2/01, $60,000]: Two plaintiffs arrested without probable cause.

25. *Crespo v. City of New York, et al.*, 93-cv-8847 [S.D.N.Y., settled 8/29/06, $25,000]: Plaintiff arrested without probable cause on weapons possession charges. Complaint alleged *Monell* claim based on the NYPD's "foster[ing of] a policy to which perjury and the falsification of documents were methods of securing indictments and convictions of innocent individuals."

26. *Gallo v. New York City Police Department*, 93 CV 2105 (E.D.N.Y.)($133,340);

27. *Gallion v. Detective Pereira, et al.*, 93 CV 5180 (S.D.N.Y.) ($25,000);

28. *Lopez and Ravitz v. City of New York*, 93 CV 6516 (S.D.N.Y.) ($80,000);

29. *Nakajima and Fancis v. Alamo Rent-a-Car, Inc., et al.*, 94 CV 0857 (E.D.N.Y.)($51,000);

30. *Nieves v. City of New York*, 94 CV 1491 (E.D.N.Y.)($50,000);

31. *Shabazz, et al. v. Detective Gerald Shisko, et al.*, 94 CV 0029 (E.D.N.Y.)($30,000);

32. *Agnew, et al. v. Bratton, et al.*, 94 CV 6508 (S.D.N.Y.) ($90,000);

33. *Taousse v. City of New York*, 95 CV 7965 (S.D.N.Y.)($16,000);

34. *Mahase, et al. v. City of New York*, 96 CV 6105 (E.D.N.Y.) ($75,000);

35. *Martinez v. City of New York*, 96 CV 0289 (E.D.N.Y.) ($50,000);

36. *Tomback v. Dear, et al.*, 96 CV 3972 (E.D.N.Y.)($20,000);

37. *Frantino v. City of New York*, 96 CV 3725 (S.D.N.Y.) ($50,000);

38. *Bradley v. P.O. Lisa Reale, et al.*, 97 CV 4076 (E.D.N.Y.)($20,000);

39. *Sierzputowski and Sulima v. City of New York*, 97 CV 2687 (E.D.N.Y.)($55,000);

40. *Silver v. City of New York, et al.*, 97 CV 5384 (E.D.N.Y.) ($40,000);

41. *Gager v. City of New York*, 97 CV 4718 (S.D.N.Y)($105,000);

42. *Bernard v. City of New York, et al.*, 98 CV 6068 (E.D.N.Y.)($36,000);

43. *Dennis v. Leak, et al.*, 98 CV 5355 (E.D.N.Y.)($15,000);

44. *Golston v. City of New York*, 98 CV 4206 (E.D.N.Y.)($25,000);

45. *Jefferson v. City of New York, et al.*, 98 CV 1097 (E.D.N.Y.) ($175,000);

46. *Deluise v. City of New York, et al.*, 98 CV 4535 (S.D.N.Y.) ($28,000);

47. *Lindo v. City of New York*, 98 CV 9066 (S.D.N.Y.)($80,000);

48. *Haygood, et al. V. City of New York, et al.*, 99 CV 0026 (S.D.N.Y.)($32,500);

49. *Udofia, et al. v. City of New York*, 00 CV 4872 (E.D.N.Y.) ($30,000);

50. *Davis v. City of New York*, 00 CV 387 (S.D.N.Y.)($175,000);

*Collins v. City of New York*, __ CV __

Exhibit H

1. *People v. Murphy*, 109 A.D.2d 895 (2d Dep't 1985)(prosecutor failed to timely disclose *Brady* material);

2. *People v. Perez*, 65 N.Y.2d 154 (1985)(prosecutor committed *Rosario* violation by failing to disclose documentation indicating key witness accepted bribe);

3. *People v. Gairy*, 116 A.D.2d 733 (2d Dep't 1986)(prosecutor failed to timely disclose *Brady* material);

4. *People v. Ranghelle*, 69 N.Y.2d 56 (1988)(DA failed to obtain and disclose *Rosario* material; conviction reversed);

5. *People v. Lugo*, 153 A.D.2d 761 (2d Dep't 1989)(prosecutor's suppression of *Rosario* material required reversal of conviction);

6. *People v. Cortez*, 149 Misc.2d 886 (Sup. Ct., Kings Co. 1990)(police violated *Brady* by violating court order and intentionally destroying tape containing impeachment material; DA "shared responsibility"; indictment dismissed);

7. *People v. Nedrick*, 166 A.D.2d 725 (2d Dep't 1990) (failure to disclose tape-recorded impeachment material);

8. *People v. Anderson*, 160 A.D.2d 806 (2d Dep't 1990)(prosecutor failed to timely disclose impeachment material);

9. People v. Brazzeal, 172 A.D.2d 757 (2d Dep't 1991) (prosecutor gave an improper and prejudicial summation);

10. *People v. Faison*, 176 A.D.2d 752 (2d Dep't 1991)(prosecutor belatedly disclosed witness' prior statement);

11. *People v. Crespo*, 188 A.D.2d 483 (2d Dep't 1992)(mistrial granted due to prosecutor's *Brady* violation);

12. *People v. Brown*, 187 A.D.2d 437 (2d Dep't 1992)(trial court sanctioned prosecutor for *Brady* violation);

13. *People v. Young*, 155 Misc.2d 878 (Sup. Ct. Kings Co. 1992), *on remand from,* 79 N.Y.2d 365 (1992)(failure to disclose impeachment material required new trial; hearing court condemned prosecution for tailoring testimony);

14. *Walker v. City of New York*, 974 F.2d 293 (2d Cir. 1992)(court upheld *Monell* claim

against City of New York for unlawful policies of Brooklyn D.A.'s Office that allegedly resulted in withholding of *Brady* material causing plaintiff's wrongful conviction and 18-year imprisonment [City settled for $3.5 million]);

15. *People v. Donald Giddings*, 2/21/92 NYLJ 25 (col. 1)(Sup. Ct., Kings Co. February 21, 1992)(prosecutor's failure to disclose witness's prior inconsistent statements required conviction to be vacated);

16. *People v. Cecora*, 186 A.D.2d 215 (2d Dep't 1992)(failure to disclose ADA interview notes with arresting officer containing potential impeachment);

17. *People v. Hughes*, 181 A.D.2d 132 (2d Dep't 1992)(hearing required regarding failure to disclose exculpatory police report);

18. *People v. Inswood*, 180 A.D.2d 649 (2d Dep't 1992)(DA's failure to turn over *Brady* material was error);

19. *People v. Jackson*, 198 A.D.2d 301 (2d Dep't 1993), affirming 154 Misc.2d 718 (Sup. Ct., Kings County. 1992)(prosecutors failed to timely disclose exculpatory statements; conviction reversed);

20. *People v. Stevens*, 199 A.D.2d 441 (2d Dep't 1993)(*Rosario* material "improperly" withheld as well as *Brady* material; prejudice not sufficient to require reversal);

21. *People v. Khadaidi*, 201 A.D.2d 585 (2d Dep't 1994)(conviction reversed for DA's failure to disclose prosecutor's interview notes with complainant containing a prior inconsistent statement);

22. *People v. Alvarado,* 201 A.D.2d 486 (2d Dep't 1994)(police reports containing impeachment material not disclosed, conviction reversed);

23. *People v. Barnes*, 200 A.D.2d 751 (2d Dep't 1994)(prosecutor did not record and did not disclose eyewitness's recantation; conviction not reversed because eyewitness ultimately recanted on the witness stand and was adequately cross-examined);

24. *People v. Bramble*, 207 A.D.2d 407 (2d Dep't 1994)(sanctions upheld for prosecution's failure to preserve police audiotapes notwithstanding defense discovery request);

25. *People v. Roberts*, 203 A.D.2d 600 (2d Dep't 1994)(DA delayed one year in disclosing exculpatory witness statement, by which time witness was unavailable; conviction reversed);

26. *People v. Neptune*, 161 Misc.2d 781 (Sup. Ct. Kings County 1994)(Gerges, J.)(court ruled D.A.'s Office acted unethically by improperly using invalid subpoena to cause a witness to appear for an interview at the D.A.'s office);

27. *People v. Scott*, 216 A.D.2d 592 (2d Dep't 1995)(DA suppressed reports, including polygraph results indicating key witness was withholding information);

28. *People v. Ramos*, 166 Misc.2d 515 (Sup. Ct. Kings Co. 1995)(due to DA's policy of not taking notes of witness interviews, trial assistant not aware that previous assigned prosecutors interviewed complainant and possibly obtained information the court had required the People to disclose to the defense; conviction vacated on due process grounds);

29. *People v. Rahman*, 231 A.D.2d 745 (2d Dep't 1996)(matter remitted for hearing concerning prosecution's apparent improper withholding of witness's cooperation agreement);

30. *People v. Perkins*, 227 A.D.2d 572 (2d Dep't 1996)(prosecutor failed to disclose cooperation agreement as required with witness);

31. *People v. Scott*, 88 N.Y.2d 888 (1996)(DA failed to disclose statement regarding polygraph result);

32. *People v. Callendar*, 227 A.D.2d 499 (2d Dep't 1996) (conviction reversed due to ADA's failure to turn over notes of detective's prior statement]);

33. *People v. Bruce*, 224 A.D.2d 438 (2d Dep't 1996)(conviction reversed for prosecutor's failure to produce police reports containing impeachment material);

34. *People v. Dominic Dupont*, Kings County Indictment Number 6287/97 (Feldman, J.)(court found ADA made misrepresentation by claiming Office did not possess physical evidence specifically requested by the defense);

35. *People v. LaSalle*, 243 A.D.2d 490 (2d Dep't 1997)(conviction reversed due to prosecutor's "blatant misrepresentation of the facts" during summation);

36. *People v. Gourgue*, 239 A.D.2d 357 (2d Dep't 1997) (prosecutor put notes of complainant's statements in the form of questions to "circumvent" disclosure obligation; conviction reversed);

37. *People v. Hill*, 244 A.D.2d 572 (2d Dep't 1997)(prosecutor sanctioned for failing to disclose 911 tape);

38. *People v. Gramby*, 251 A.D.3d 346 (2d Dep't 1998)(prosecutor suppressed 911 tape during pre-trial hearing and failed to disclose it before trial);

39. *People v. Green*, 10/19/99 N.Y.L.J. p.30, col. 1 (Sup. Ct., Kings Co., October 19, 1999)(Starkey, J.)(People failed to disclose *Brady* material);

40. *People v. Bond*, 95 N.Y.2d 840 (2000)(myriad *Brady* violations established at CPL

440.10 hearing, including failure to disclose material witness proceeding concerning principal witness; conviction reversed due to failure of D.A. to disclose prior unrecorded statements to police by People's main witness that she did not see the shooting about which she testified as an "eyewitness");

41. *People v. Davis*, 709 N.Y.S.2d 345 (Sup.Ct. Kings Co. 2000)(D.A.'s Office violated court's order to disclose exculpatory evidence to defense before indictment; indictment dismissed);

42. *People v. Campbell,* 269 A.D.2d 460 (2d Dep't 2000) (prosecutor's suppression of *Rosario* material, a tape-recorded statement by the complainant, required reversal of conviction);

43. *People v. Calabria*, 94 N.Y.2d 519 (2000)(prosecutor repeatedly defied court's ruling and made false or misleading argument to jury);

44. *People v. Campos*, 281 A.D.2d 638 (2d Dep't 2001)(prosecutor failed to timely disclose *Brady* material; prejudice not sufficient to require reversal);

45. *Leka v. Portuondo*, 257 F.3d 89 (2d Cir. 2001)(conviction overturned on habeas review due to ADA's suppression of *Brady* material; ADA additionally misled defense counsel regarding a crucial witness);

46. *People v. Maddery,* 282 A.D.2d 761 (2d Dep't 2001) (prosecutor's failure to disclose 911 tape before trial as required by law required reversal of conviction);

47. *Boyette v. LeFevre*, 246 F.3d 78 (2d Cir. 2001)(conviction vacated on habeas review because prosecutors had suppressed numerous items of *Brady* material could have persuaded the jury to acquit the defendant, who had a strong alibi defense);

48. *People v. Cannon*, 191 Misc.2d 136 (Sup. Ct. Kings County 2002)(police failed to preserve surveillance photographs, conduct for which the D.A. is "accountable");

49. *People v. King*, 298 A.D.2d 530 (2d Dep't 2002)(prosecutor's failure to disclose 911 tape before trial as required by law required conviction to be reversed);

50. *People v. Jenkins*, 98 N.Y.2d 280, 287-88 (2002)(Kaye, C.J., dissenting)(prosecutor's late disclosure of ballistics report "blind sided" the defense and was inexcusable);

51. *People v. Vielman,* 31 A.D.3d 674 (2d Dep't 2006)(reversing conviction because prosecutor's summation rested on a "false premise" and was a "blatant attempt to mislead the jury");

52. *People v. Jones*, 31 A.D.3d 666 (2d Dep't 2006)(prosecution fails to correct the false testimony of a key witness);

53. *People v. Thompson*, 54 A.D.3d 975 (2d Dep't 2008)(prosecutor suppressed "*Brady* material" indicating someone other than the defendant committed the crime);

54. *Waston v. Greene*, 2009 WL 5172874 (E.D.N.Y. 2009)(Ross, J.)(DA disclosed *Brady* material "too late" for the defense to make use of it even though they were aware of material "more than a year in advance of trial");

55. *People v. Malik*, 25 Misc.3d 1214(A) (Sup. Ct. Kings County 2009)(Goldberg, J.)(prosecution's suppression of police report and other documents required vacatur of conviction);

56. *People v. Fuentes*, 12 N.Y.3d 259 (2010)(prosecutor improperly withheld one-page of notes from medical records of complainant containing potentially favorable evidence for the defense; two judges find the suppression was "deliberate").