LAW OFFICES OF

# JOEL B. RUDIN

200 WEST 57TH STREET
SUITE 900
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@aol.com

JOEL B. RUDIN

TERRI S. ROSENBLATT
SHIRA L. FELDMAN

JABBAR COLLINS
(Legal Analyst)

August 3, 2012

**ECF**

Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Collins v. City of New York et al.*
           11 CV 00766 (FB) (RML)

Dear Judge Block:

    I write to bring to the Court's attention two supplemental authorities relevant to Defendants' motion to dismiss certain claims in the Complaint, which alleges civil rights violations relating to Plaintiff's wrongful murder conviction and 16 years of imprisonment, which ended with Judge Irizarry's unconditional grant of habeas corpus relief, including the dismissal of the indictment with prejudice. The defendants' motion was submitted on December 5, 2011, and is *sub judice*.

    The first recent decision is *Rouse v. Stacy*, 2012 WL 1314106 (6th Cir Apr. 17, 2012) (unpublished opinion). It contains an extensive discussion of prosecutorial immunity and, based upon its analysis of the case law, including Second Circuit law, holds that a prosecutor does *not* enjoy absolute immunity for using physical force to coerce a guilty plea from a criminal defendant, because using force is not part of a prosecutor's authorized function. One of the issues raised by the Defendants' motion in Plaintiff Jabbar Collins' case is whether ADA Michael Vecchione has absolute immunity for allegedly threatening two witnesses (Angel Santos and Edwin Oliva) with physical harm to coerce them into testifying favorably for the prosecution.

LAW OFFICES OF
JOEL B. RUDIN

Honorable Frederic Block
August 3, 2012
Page 2

      The second decision is Judge Leval's opinion for the Second Circuit earlier this week in *Jones v. Town of East Haven*, ___ F.3d ___, 2012 WL 3104523 (2d Cir. Aug. 1, 2012). Although the Court held, after a painstaking factual analysis, that the plaintiff's evidence at trial was insufficient to establish *Monell* liability, the Court's opinion is useful for its discussion of the various ways, including showing ratification of or deliberate indifference to known prior acts of misconduct, that a plaintiff (such as Mr. Collins) may utilize to establish *Monell* liability after *Connick v. Thompson*, 131 S. Ct. 1350 (2011).

                                               Respectfully submitted,

                                               Joel B. Rudin

JBR/tp

cc:    Arthur G. Larkin, Esq.
        Elizabeth Krasnow, Esq.
        Assistants Corporation Counsel