UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JABBAR COLLINS,

                Plaintiff,                        MEMORANDUM
                                                                  AND ORDER

    -against-

THE CITY OF NEW YORK, *et al.*,                    11 CV 766 (FB)(RML)

                Defendants.
------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Defendants move for clarification and reconsideration of portions of my Memorandum and Order dated July 23, 2012 (the "Order"). (See Letter of Arthur G. Larkin, Esq., dated Aug. 6, 2012 ("Larkin Ltr.").) Familiarity with the Order and the underlying submissions is assumed.

        With respect to the request for clarification, defendants claim that the Order did not address one specific document, namely a 2006 sworn affidavit of Edwin Oliva, drafted by plaintiff's attorney, Joel Rudin, in preparation for plaintiff's habeas corpus hearing in which he sought to prove (and ultimately did prove) Brady violations by the Brooklyn District Attorney. This affidavit, like the other witness statements plaintiff's counsel prepared in anticipation of litigation, falls within the work product protection of Fed. R. Civ. P. 26(b)(3)(A), which covers documents prepared "by or for another party or its representative." Contrary to defendants' assertion, plaintiff did not waive the work product protection by showing the affidavit to the witness who signed it. As the court explained in 1100 West, LLC v. Red Spot Paint and Varnish Co., No. 05-CV-1670, 2007 WL 2904073, at *2 (S.D. Ind. May 18, 2007), which concerned a non-party affidavit prepared by the plaintiff's attorney:

> [U]nlike the attorney-client privilege, disclosure of a document to third persons does not waive the work-product immunity unless it has substantially increased the opportunities for potential adversaries to obtain the information. . . . If the Defendant wants to know what a potential witness knows, or what his or her testimony would be if deposed or called at trial, defense counsel (or their investigator) can conduct their own interview and obtain their own affidavit; they are not entitled to ride upon the coattails of Plaintiff's counsel. (internal citations and quotation marks omitted.)

See also Wilson v. City of New York, No. 06-CV-229, 2008 WL 824284, at *1 (E.D.N.Y. Mar. 26, 2008) (non-party witness statements prepared by or at the behest of the plaintiff's counsel fell squarely within the work product protections of Rule 26(b)(3)(A)), aff'd, 2008 WL 1994860 (E.D.N.Y. May 08, 2008).

Fed. R. Civ. P. 26(3)(A)(ii) allows protected work product to be disclosed if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." However, defendants have made no such showing at this stage of the case.

Defendants also move for reconsideration of my order denying their request for documents containing communications between plaintiff and Roland Acevedo during the period in which Acevedo was acting as plaintiff's attorney. Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that such a motion shall "set forth the matters or controlling decisions which counsel believes the court has overlooked." The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion

for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. At the same time, the movant may not assert new arguments or claims that were not before the court on the original motion. See Cohen v. Federal Express Corp., No. 07 Civ. 1288, 2007 WL 1573918, at *4 (S.D.N.Y. May 24, 2007); see also Levin v. Gallery 63 Antiques Corp., No. 04 Civ. 1504, 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) ("It is clear that the sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision: in other words, an obvious and glaring mistake. Motions for reconsideration allow the district court to correct its own mistakes, not those of the Parties.") (internal quotation marks and citations omitted).

Here, defendants do not contend that the court overlooked any controlling case law or other legal authorities that were put before it in the briefs or at oral argument. Rather, defendants mainly re-state their previous argument, which is that they want access to communications between plaintiff and Acevedo, which clearly took place within the confines of the attorney-client relationship, in order to counter plaintiff's allegation that N.Y.P.D. detectives coerced Oliva into incriminating plaintiff in March 1994. (See Larkin Ltr. at 2.) Whether or not the privileged communications would actually be helpful in this regard is speculative, but at any rate, the potential helpfulness to defendants is beside the point. Rather, as the court explained, the attorney-client privilege is carefully guarded. See Leviton Mfg. Co. v. Shanghai Meihao Elec., Inc., 613 F. Supp. 2d 670, 722 n.24 (D. Md. 2009) (describing the attorney-client privilege as "largely sacrosanct"); Bowling v. Hasbro, Inc., 582 F. Supp. 2d 192, 211 (D.R.I. 2008) ("This Court has an obligation to safeguard the virtually sacrosanct privacy of the attorney-client

privilege . . . ."); Southern Scrap Material Co. v. Fleming, No. 01-CV-2554, 2003 WL 21783318, at *1 (E.D. La. July 30, 2003) ("The confidential relationship between lawyer and client is sacrosanct and one of the bastions of [ ] ordered liberty."). Therefore, attorney-client communications are only discoverable upon a clear showing of waiver, such as when a party puts privileged communications directly at issue. (See Order at 7.)

Cases where courts have found a waiver of privilege based on the "at issue" doctrine exhibit several common factors: "'(1) the very subject of privileged communications [is] critically relevant to the issue to be litigated, (2) there [is] a good faith basis for believing such essential privileged communications exist[], and (3) there [is] no other source of direct proof on the issue.'" Bank Brussels Lambert v. Credit Lyonnais, Nos. 93 Civ. 6876, 94 Civ. 1317, 1995 WL 598971, at *5 (S.D.N.Y. Oct. 15, 1995) (quoting Standard Chartered Bank PLC v. Ayala Int'l Holdings, 111 F.R.D. 76, 83 (S.D.N.Y. 1986)). In this case, defendants have not met their burden of showing that plaintiff has placed his privileged communications with Acevedo at issue. Collins has not selectively disclosed any communications between himself and Acevedo, and his discussions with Acevedo are not at the core of this case. Moreover, defendants have not attempted to show that Oliva is unavailable for a deposition. Thus, for the reasons stated in the Order, defendants' motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
September 5, 2012

                                                               __/s/_____
                                                                ROBERT M. LEVY
                                                                United States Magistrate Judge