LAW OFFICES OF

# JOEL B. RUDIN

200 WEST 57TH STREET
SUITE 900
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@aol.com

JOEL B. RUDIN
―――
TERRI S. ROSENBLATT
SHIRA L. FELDMAN

JABBAR COLLINS
(Legal Analyst)

November 21, 2012

**ECF**

Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Collins v. City of New York et al.*
            <u>11 CV 00766 (FB) (RML)</u>

Dear Judge Block:

     I am writing with the Court's permission to address several issues from last Friday's oral argument on defendants' motion to dismiss the Complaint. Additionally, in view of the April 8, 2013, trial date that the Court fixed, I write to request that the Court consider directing that the stay of *Monell*-related discovery, which Plaintiff previously consented to, be vacated so that Plaintiff may begin to obtain essential document discovery and oral depositions. I am separately writing to Judge Levy, who is assigned to this case, to request that he schedule a discovery conference as soon as possible.

## Ratification and the D.A. Claim

     The Court asked whether ratification by Mr. Hynes of the misconduct in Plaintiff's case, *by itself*, would suffice to establish municipal liability. While we believe that the answer would be yes, our Complaint in fact relies on (a) Mr. Hynes' overall history of continuous, deliberate indifference to similar misconduct in many other cases, (b) direct evidence of unlawful office-wide policy and practice, (c) the pervasive pattern of continuous misconduct by every ADA who touched this case over 16 years, which is powerful evidence of unlawful

LAW OFFICES OF
JOEL B. RUDIN

Honorable Frederic Block
November 21, 2012
Page 2

policy and practice, and (4) Hynes' conduct and statements ratifying, condoning or showing indifference to the misconduct in this very case. This is not a case of rogue or aberrational behavior by a single line prosecutor, but represents a continuous scheme orchestrated by one of District Attorney Hynes' highest aides, beginning when he was Chief of  Homicide and continuing following his promotion to Chief of Rackets after Hynes surely knew of his unlawful behavior in this (and many other) cases. Thus, the Court need not answer the question as posed. Rather, the Court need only decide at this time whether the facts alleged in the Complaint, viewed in their *entirety*, make out a "plausible" constitutional claim against the City.

Approval by a municipal policymaker of, or his deliberate indifference to, conduct that violates the Constitution, is evidence of the existence of an unlawful policy. *See Okin v. Vil. of Cornwall-On-Hudson Police Dept.*, 577 F.3d 415, 439 (2d Cir. 2009); *Amnesty America v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004) (Sotomayor, C.J.); *Vann v. City of New York*, 72 F.3d 1040, 1051 (2d Cir. 1995); *Krulik v. Bd. of Educ. of City of New York*, 781 F.2d 15, 23 (2d Cir. 1986). These cases also establish that where the "ratification" or deliberate indifference occurs contemporaneously with the course of unlawful behavior, causation from the policy may be inferred. In this case, such ratification or indifference by policymaker Hynes occurred at least as early as 2006, *see* Complaint, ¶¶ 283-292, 320-323, 488-504, and continued past Mr. Collins' release in 2010, *see* ¶¶ 348-360, 505-511 – a four-year period during which the constitutional injury to Mr. Collins stemming from his original trial conviction was affirmatively perpetuated.

As for the constitutional violations that brought about Mr. Collins' trial conviction itself in 1995, courts have held that a fact finder may infer, from subsequent ratification of or deliberate indifference to constitutional violations, that an unlawful policy existed at a prior time and was causally related to the plaintiff's constitutional injury. In *Gentile v. County of Suffolk*, Judge Weinstein held that a report authored by Judge Trager concerning indifference by the Suffolk County D.A. and Police Department to police misconduct was admissible at a police brutality civil trial to prove unlawful policy and causation, even though policymakers' ratification of the specific police misconduct at issue occurred *after* that behavior. *See Gentile v. County of Suffolk*, 129 F.R.D. 435, 446-447 (E.D.N.Y. 1990) (Weinstein, D.J.). In affirming, the Second Circuit reasoned: "[T]he SIC Report was relevant in view of the independent evidence

LAW OFFICES OF
JOEL B. RUDIN

Honorable Frederic Block
November 21, 2012
Page 3

introduced by plaintiffs suggesting that high-ranking County officials twice ratified the misconduct of individual police officers, thereby corroborating that the individual police misconduct was the result of an established practice or policy." *Gentile v County of Suffolk*, 926 F.2d 142, 152 (2d Cir. 1991). *See also* Plaintiff's Memorandum of Law, p. 9, ¶ 3 (citing appellate cases).

Recently, Judge Seybert, in *Kogut v. County of Nassau*, 06–CV–6695 & 06–CV–6720, 2012 WL 3704710, *2-3 (E.D.N.Y. Aug. 27, 2012) (Seybert, D.J.), also reasoning that "later cases" can be probative of policymakers' attitudes at the time of the [wrongdoing]," denied summary judgment where evidence of subsequent condonation of similar police wrongdoing occurred from 10 to 17 years after the victimization of plaintiff. She rejected the defendant's effort to distinguish *Jones v. Town of East Haven*, 691 F.3d 72, 84 (2d Cir. 2012), in which the Court of Appeals considered subsequent ratification three years after plaintiff's injury, reasoning that "the timing is a matter of weight for the jury." Here, Plaintiff's burden is not to present proof sufficient to defeat summary judgment, but just to show that his claim is plausible, which he surely has done.

**NYPD Claim and the Mollen Commission**

During Friday's oral argument, the City's attorneys represented that a decision by Magistrate Judge Matsumoto holds that the Mollen Commission Report[1] is inadmissible in a case such as this, and that the decision is consistent with other similar rulings. The City is mistaken.

First of all, the Report need not be admissible to be considered by the Court under *Iqbal*, which requires the Court to consider only whether the facts alleged in the complaint are "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949 (2009). Admissibility is an issue that will come up on summary judgment or at trial, not now. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123-24 (2d Cir. 1991) ("The fact that a pleading contains references to documents that may eventually be ruled inadmissible in evidence is not a proper basis for dismissal pursuant to Rule 12(b)(6)."); *Gill v. Arab Bank, PLC*,

---

[1] *The City of New York Commission to Investigate Allegations of Police Corruption and the Anti-Corruption Procedures of the Police Department*, pp. 36-43 (http://www.parc.info/client_files/Special%20Reports/4%20-%20Mollen%20 Commission%20-%20NYPD.pdf) (last visited November 20, 2012).

LAW OFFICES OF
JOEL B. RUDIN

Honorable Frederic Block
November 21, 2012
Page 4

11-CV-3706, 2012 WL 4960358, *44 (E.D.N.Y. Oct. 17, 2012) (Weinstein, S.D.J.) ("Federal district courts generally are not entitled to consider at the Rule 12 stage the fact that a pleading contains references to documents that may eventually be ruled inadmissible in evidence.") (internal citations omitted).

Second, the decision cited by the City, *Hill v. City of New York*, 73 Fed.R. Evid. Serv. 1137 (E.D.N.Y. July 5, 2007) (Matsumoto, M.J.), did *not* hold that the Mollen Commission Report is inadmissible in a case alleging police coercion, evidence manufacturing, or *Brady* withholding. The decision specifically addressed the admissibility of expert testimony on the "Blue Wall of Silence," and excluded the testimony because it amounted to improper opinion testimony on the credibility of specific police witnesses, thereby invading the jury's province. The decision notes conflicting precedent on the admissibility of the part of the Mollen Commission report (pp. 53-60) that deals with the "Blue Wall of Silence," but does not discuss at all the admissibility of the Report with regard to police fabrication, withholding of evidence, and malicious prosecution. Indeed, Section 4 of the Report, pp. 36-42, entitled "Perjury and Falsifying Documents," is a devastating indictment of the NYPD's indifference to police fabrication of the bases for arrests and other law enforcement action, including the filing of false complaints (exactly what happened in Mr. Collins's case). Mr. Collins would not offer the Mollen Commission Report to prove that any particular witness's testimony is false, but rather to prove the existence of unlawful policy, custom, or practice, as well as notice to policymakers thereof and their deliberate indifference. Judge Weinstein's decision in the *Gentile* case, affirmed by the Second Circuit, makes clear that such a report is admissible to prove such § 1983 claims.

**<u>Voluntary Dismissal of State Law Claims</u>**

In view of the Court's indication on Friday that it will likely uphold, at the very least, Plaintiff's D.A. and NYPD *Monell* claims (8th and 9th causes of action), as well as the FOIL-related constitutional claim (7th cause of action), and the viability of Plaintiff's claims against the two police defendants (6th cause of action), which they have not challenged, Plaintiff has given careful consideration to the Court's suggestion that he agree to voluntarily dismiss certain of the State-law causes of action to streamline the case. Our position is the following:

LAW OFFICES OF
JOEL B. RUDIN

Honorable Frederic Block
November 21, 2012
Page 5

*First Cause of Action (malicious prosecution)* – the two detective-defendants, Gerecitano and Hernandez, and the City (on a *respondeat superior* liability theory), do not move against this claim. We agree to dismiss it with regard to the other defendants only.

*Second Cause of Action (intentional infliction of emotional distress)* – defendants Gerecitano and Hernandez do not move to dismiss this claim and the City is liable under a *respondeat superior* theory. As for the FOIL defendants and Vecchione, the claim should continue based upon whatever post-conviction conduct (FOIL defendants and Vecchione) the Court determines is not protected by absolute immunity, and any pre-conviction conduct that is not so protected.

*Third Cause of Action (abuse of process)* – we agree to voluntarily dismiss as to all defendants.

*Fourth Cause of Action (civil fraud)* – defendant Hernandez is not moving against this claim and it should continue against him (and against the City on a *respondeat superior* theory). It should also continue as to the FOIL defendants and Vecchione for their FOIL-related conduct and against Vecchione to the extent the Court denies absolute immunity for his other misconduct. Plaintiff needs this claim in case the defendants succeed in their opposition to the federal *constitutional* claim under the Seventh Cause of Action and because there is *respondeat superior* liability under State but not federal law.

*Fifth Cause of Action (negligent misrepresentation)* – we previously indicated we are withdrawing this claim.

*Tenth Cause of Action (negligent hiring, training, discipline, and supervision)* – this claim remains significant in view of the Court's apparent intention to dismiss some of the individual claims on immunity grounds, the defendants' apparent intention to continue to oppose all individual claims on absolute, and possibly qualified, immunity grounds, and the City's continuing position that *Monell* liability should be defeated either as a matter of law or of fact. To be more concrete: in case the City at trial succeeds in defeating Plaintiff's claim of *Monell* liability for "deliberate indifference" to constitutional violations, Plaintiff should be entitled to pursue his parallel claim of liability

LAW OFFICES OF
JOEL B. RUDIN

Honorable Frederic Block
November 21, 2012
Page 6

under State law for negligent training, supervision, and discipline. The complete failure of the NYPD to train or to supervise on *Brady* and witness coercion principles, or to discipline officers for falsifying reports and withholding material evidence, should permit liability under this traditional cause of action. A similar theory should apply as well to the negligence of the District Attorney's Office. Section 1983 may require the high bar of deliberate indifference to be met, but this should not prevent Plaintiff from proving his State law claim against the City under the less stringent State negligence standard.

### Status of Discovery

Following defendants' filing of their 12(b)(6) dismissal motion, Plaintiff agreed to a stay of *Monell* discovery, pending decision of the motion, and Magistrate Judge Levy ordered it. The Court has now scheduled an April 8, 2013 trial date. Without meaning to be presumptuous, Plaintiff requests that, if the Court intends to uphold Plaintiff's *Monell* claims, it permit *Monell* discovery to now go forward. Otherwise, Plaintiff, who has the burden of proof at trial on this issue, would be hard pressed to complete essential discovery in time for trial. There will be a built-in delay while the City responds to Plaintiff's *Monell* document demand, which we are preparing, and disagreements are litigated, and the remaining time almost surely would be insufficient to schedule and take the numerous depositions that will be required, to obtain and analyze transcripts, and to prepare a pretrial order and other complex documents necessary for an orderly trial. We are also separately writing Judge Levy as well to request that, subject to your Honor's intentions with respect to the *Monell* claims, the stay be lifted and that a conference be arranged to discuss an orderly discovery schedule.

A.C.C. Larkin opposes this request. He indicated in court an intention to appeal any absolute immunity defenses decided adversely to his clients. I would point out that even if the defendants were to appeal any decision adverse to them on the absolute immunity issues, they would have no right to appeal on the *Monell* issues. *See Warney v. County of Monroe*, 587 F.3d 113, 126 (2d Cir. 2009). Under Fed. R. Civ. P. 42(b), any interlocutory appeal need not delay trial of the separate claims involving the police and the municipal defendants. Even if the trial would be delayed by an interlocutory appeal, complex *Monell*

LAW OFFICES OF
# JOEL B. RUDIN

Honorable Frederic Block
November 21, 2012
Page 7

discovery should proceed now so that the case will be trial-ready following the decision on the appeal.

Respectfully submitted,

Joel B. Rudin

JBR/tp

cc:     Honorable Robert M. Levy, Magistrate Judge (by ECF)
        Arthur G. Larkin, Esq. (by ECF)
        Elizabeth Krasnow, Esq. (by ECF)
        *Assistants Corporation Counsel*