# EXHIBIT A

LAW OFFICES OF

# JOEL B. RUDIN

200 WEST 57TH STREET
SUITE 900
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@aol.com

JOEL B. RUDIN
⎯⎯⎯
TERRI S. ROSENBLATT
STEVEN R. AQUINO

JABBAR COLLINS
(Legal Analyst)

May 17, 2013

**<u>E-Mail and Regular Mail</u>**

Arthur G. Larkin, Esq.
City of New York Law Department
100 Church Street
New York, New York 10007

> Re:  *Collins v. City of New York, et al.*
> <u>Dkt. No. 11-cv-00766 (FB)(RML)</u>

Dear Mr Larkin:

I am writing, consistent with our discovery conference yesterday with Magistrate Judge Levy, to request additional information or disclosure with respect to certain documents that you have designated as work product privileged, to clarify our request for electronically stored information, to prioritize production of personnel records, and to provide a list of areas that we would like to question District Attorney Hynes about at his deposition.

## A.   <u>Work Product Privilege</u>

1.  Please explain whether the document numbered 21,040 and contained in item 14 of Defendants' privilege log, which apparently is a page of notes authored by ADA Vecchione, was reviewed by Judge Levy and indicate what privilege was asserted as to it so I can inquire of the court if necessary.

2.  Please indicate the authors of the documents produced in Defendants' May 15, 2013, production Bates Numbered NYC 0040914-15, 40916, 40932, 40935-37, 40957, 40958, 40960, 40962, 40963-67, 40968,

LAW OFFICES OF
JOEL B. RUDIN

Arthur G. Larkin, Esq.
May 17, 2013
Page 2

40971.

3.    NYC 40958 appears to be a contemporaneous record during trial internally documenting what information the prosecution disclosed to the defense as *Rosario* or *Giglio* material. Yet two major sections are redacted. Please consider disclosing this document so Plaintiff will have the complete context and can adequately question witnesses about this document (and so that the witnesses can accurately answer).

4.    In addition to the material that was produced to us from the privilege log, we are concerned that a number of documents that were not produced at all should have been. Before we raise this issue further with the court, we ask that you provide us with additional information about the author(s) and contents of these documents. I describe them here by their item numbers from Defendants' April 9, 2013, privilege log. They are:

        (i)    item no. 1, request that you identify the author(s) of the notes and the general subject matter;

        (ii)    item no. 3, please identify the author;

        (iii)    item no. 5, for the documents other than those numbered 4023-38 and 7756, which we believe were disclosed, please identify the author(s) and general subject matter;

        (iv)    item no. 17 appears to be more than 350 pages of contemporaneous notes from Plaintiff's 1995 trial, and therefore may be highly relevant concerning the ADAs' alleged design to withhold *Brady* material as to Oliva, Santos and/or Diaz, or that false or misleading testimony and argument was made; therefore, we ask that you make every effort to identify the author(s) of these notes (especially any by Charles Posner), and the general subject matter; and

LAW OFFICES OF
JOEL B. RUDIN

Arthur G. Larkin, Esq.
May 17, 2013
Page 3

        (v)    item no. 21, we ask that you identify the author(s) of the notes, and whether they were made contemporaneously with Plaintiff's trial, or at some later point. As a general matter, we believe that any documents indicating scheduling of witness meetings, or other investigative steps taken during Mr. Collins's trial, 440, or habeas, are not privileged in any way, nor are any documents containing the out-of-court statements of the NYPD defendants or trial witnesses (not just Oliva, Santos and Diaz).

**B.**    **ESI Production**

    At the conference I corrected the narrowed dates for which we request document production: March 15, 12006 - March 31, 2007, for the list of individuals I previously sent to you, and November 25, 2009 - present for the separate list of individuals I sent you. Plaintiff's counsel remains ready to speak directly with the D.A.'s technical expert to discuss any possible ways to further reduce the time necessary to comply with our requests, including further narrowing, or at least prioritizing, them, and discussing search terms and methodology.

**C.**    **Prioritizing Production of Personnel Records**

    As discussed with the Court, Defendants will make a rolling production of personnel records. Thank you for your offer to try to follow Plaintiff's prioritization in connection with this production. We request that you initially disclose the personnel records of the prosecutors in the following cases, using the numbering from Plaintiff's Memorandum of May 5, 2013, which we previously produced to you (a copy is attached for your convenience), then produce the other materials as soon as possible:

    34 (Rigby), 41 (ADA unknown), 43 (ADA Hollman), 42 (Shaban), 50 (Leeper), 49 (Mondo and Schreiber), 44 (Courtney), 45 (Kern), 1 (Cortez), 8 (Fox), 9 (ADA unknown), 11 (ADA unknown), 14 (Charnoff), 15 (Thompson), 16 (Mason), 17 (ADA unknown), 18 (Likwornik), 19 (Sachs), 20 (Rice), 24 (ADA unknown), 26

LAW OFFICES OF
JOEL B. RUDIN

Arthur G. Larkin, Esq.
May 17, 2013
Page 4

(Slater), 27 (Bukumira), 29 (Irvin), 30 (Irvin and Fredella), 31 (Markarian), 32 (Theodorelis), 33 (Hale and Calabrese), 46 (ADA unknown), 47 (ADA unknown), 48 (Gollihue).

Please note that most of the named ADAs were provided to my office by A.C.C. Richter in the Zahrey case and we have no personal knowledge that the information is correct. We request that you verify it.

## D.    **Deposition of District Attorney Hynes**

The following is a list of substantive areas of questioning we intend to engage in at Mr. Hynes's deposition. We reserve the right to expand this list, as well as to question him about matters relating to his credibility:

1.    His personal involvement, knowledge about, and reasons for his actions or inactions, in the Jabbar Collins case, with respect to the initial prosecution, the FOIL requests and litigation, the 440 motion, the federal habeas proceeding, and the allegations in the present civil Complaint, including his numerous statements of support for Mr. Vecchione to the present and his failure to investigate misconduct allegations or findings against Mr. Vecchione.

2.    His history of taking no personnel action against, but consistently promoting, Michael Vecchione, despite misconduct allegations against Mr. Vecchione in numerous cases, including, but not limited to, the prosecutions of Frank Rodriguez (*see* Complaint, ¶ 469), Steven Ruiz (¶¶ 470-72), Jeffrey Marshall (¶¶ 473-483), defendant Smith (¶ 485), Sam Lustigmann (¶ 486), defendant Rodriguez (¶ 487), Lindley DeVecchio (¶¶ 493-99), Clarence Norman (¶ 500), and Jabbar Collins.

3.    His explanation for failing, between 1990 and 2010, to institute any formal disciplinary process for the Office and to set forth disciplinary rules and procedures in any employee manual or other document.

4.    His failure to investigate or discipline ADAs apparently responsible for

LAW OFFICES OF
JOEL B. RUDIN

Arthur G. Larkin, Esq.
May 17, 2013
Page 5

misconduct in connection with 50 judicial decisions, previously
disclosed to Defendants, and his explanation for these inactions.

5.   His personal involvement, knowledge of misconduct or allegations of
misconduct, and ratification of or indifference to such misconduct when
it was brought to his personal attention, including in the Erick Jackson,
Russ, Leka, Marshall, Ranta, DeVecchio, Zahrey, and other cases.

6.   His awareness of the customs and practices of his Office to not take
notes when interviewing witnesses and thereby cause *Brady* violations,
to prepare and utilize falsely notarized or "sworn" documents, including
applications to arrest, imprison, or take custody of witnesses, to illegally
subpoena witnesses to the Office for coercive interrogation, to illegally
bring material witnesses to the Office for coercive interrogation, to
illegally imprison witnesses in the Office's hotel custody program, to
illegally violate witnesses' right to counsel in order to facilitate coercive
interrogation, and to conceal, fail to disclose, or lie about such
misconduct.

7.   The scope of his responsibilities as a City official in the management
and administration of his Office, including the budgetary process, the
setting of priorities and policies with respect to the investigation and
prosecution of criminal cases, and the hiring, training, and supervision
of personnel.

I am available to discuss the above at any time.

Very truly yours,

Joel B. Rudin

JBR/tp
Encl.

LAW OFFICES OF
JOEL B. RUDIN

Arthur G. Larkin, Esq.
May 17, 2013
Page 6


cc:   Elizabeth Krasnow, Esq.
      *Assistant Corporation Counsel*

**ATTORNEY WORK PRODUCT**
**PRIVILEGED AND CONFIDENTIAL**

To:     Jabbar Collins File
From:   Terri Rosenblatt and Joel Rudin
Date:   May 5, 2013
Re:     DA Monell Cases with ADA Names

    This memorandum lists all of the cases for which we are seeking disclosure of ADA personnel records.  Where we know the name of the assigned ADA, it is indicated after the case name.  The first 40 cases, which have parentheticals summarizing the holdings, are from Exhibit H to our complaint, minus the ones we eliminated by our letter to Arthur Larkin of March 5, 2013.  The cases numbered 41 through 50 are cases we added in our second, third, and fourth discovery demands.

    In total, there are 50 defendants.  We have the names of the prosecutors in 36 of them.

1.    *People v. Cortez*, 149 Misc.2d 886 (Sup. Ct., Kings Co. 1990) (police violated *Brady* by violating court order and intentionally destroying tape containing impeachment material; DA "shared responsibility"; indictment dismissed) **[ADA Iris Cross]**;

2.    *People v. Nedrick*, 166 A.D.2d 725 (2d Dep't 1990) (failure to disclose tape-recorded impeachment material) **[ADA Bruce McIntyre]**;

3.    *People v. Anderson*, 160 A.D.2d 806 (2d Dep't 1990)(prosecutor failed to timely disclose impeachment material) **[ADA Joyce Bresnick]**;

4.    *People v. Brazzeal*, 172 A.D.2d 757 (2d Dep't 1991) (prosecutor gave an improper and prejudicial summation);

5.    *People v. Faison,* 176 A.D.2d 752 (2d Dep't 1991)(prosecutor belatedly disclosed witness' prior statement) **[ADA Andrea Likwornik]**;

6.    *People v. Crespo*, 188 A.D.2d 483 (2d Dep't 1992)(mistrial granted due to prosecutor's *Brady* violation) **[ADA Steven Edwards]**;

7.    *People v. Brown*, 187 A.D.2d 437 (2d Dep't 1992)(trial court sanctioned prosecutor for *Brady* violation) **[ADA Bob Ely]**;

8.    *People v. Young*, 155 Misc.2d 878 (Sup. Ct. Kings Co. 1992), *on remand from,* 79 N.Y.2d 365 (1992)(failure to disclose impeachment material required new trial; hearing court condemned prosecution for tailoring testimony) **[ADA Jordan Fox]**;

9.    *People v. Donald Giddings*, 2/21/92 NYLJ 25 (col. 1)(Sup. Ct., Kings Co. February 21, 1992)(prosecutor's failure to disclose witness's prior inconsistent statements required

**ATTORNEY WORK PRODUCT**
**PRIVILEGED AND CONFIDENTIAL**

conviction to be vacated);

10. *People v. Cecora*, 186 A.D.2d 215 (2d Dep't 1992)(failure to disclose ADA interview notes with arresting officer containing potential impeachment) **[ADA Michael Galeno]**;

11. *People v. Inswood*, 180 A.D.2d 649 (2d Dep't 1992)(DA's failure to turn over *Brady* material was error);

12. *People v. Jackson*, 198 A.D.2d 301 (2d Dep't 1993), affirming 154 Misc.2d 718 (Sup. Ct., Kings County. 1992)(prosecutors failed to timely disclose exculpatory statements; conviction reversed)**[ADAs Jon Besunder and James Kohler]**;

13. *People v. Stevens*, 199 A.D.2d 441 (2d Dep't 1993)(*Rosario* material "improperly" withheld as well as *Brady* material; prejudice not sufficient to require reversal) **[ADA Gail Laser]**;

14. *People v. Khadaidi*, 201 A.D.2d 585 (2d Dep't 1994)(conviction reversed for DA's failure to disclose prosecutor's interview notes with complainant containing a prior inconsistent statement) **[ADA Adam Charnoff]**;

15. *People v. Alvarado*, 201 A.D.2d 486 (2d Dep't 1994)(police reports containing impeachment material not disclosed, conviction reversed) **[ADA David Thompson]**;

16. *People v. Barnes*, 200 A.D.2d 751 (2d Dep't 1994)(prosecutor did not record and did not disclose eyewitness's recantation; conviction not reversed because eyewitness ultimately recanted on the witness stand and was adequately cross-examined) **[ADA Heidi Mason]**;

17. *People v. Bramble*, 207 A.D.2d 407 (2d Dep't 1994)(sanctions upheld for prosecution's failure to preserve police audiotapes notwithstanding defense discovery request);

18. *People v. Roberts*, 203 A.D.2d 600 (2d Dep't 1994)(DA delayed one year in disclosing exculpatory witness statement, by which time witness was unavailable; conviction reversed) **[ADA Andrea Likwornik]**;

19. *People v. Neptune*, 161 Misc.2d 781 (Sup. Ct. Kings County 1994)(Gerges, J.)(court ruled D.A.'s Office acted unethically by improperly using invalid subpoena to cause a witness to appear for an interview at the D.A.'s office); **[ADA Pat Sachs]**

20. *People v. Ramos*, 166 Misc.2d 515 (Sup. Ct. Kings Co. 1995)(due to DA's policy of not taking notes of witness interviews, trial assistant not aware that previous assigned prosecutors interviewed complainant and possibly obtained information the court had required the People to disclose to the defense; conviction vacated on due process

**ATTORNEY WORK PRODUCT**
**PRIVILEGED AND CONFIDENTIAL**

grounds) **[ADA Kathleen Rice]**;

21.    *People v. Rahman*, 231 A.D.2d 745 (2d Dep't 1996)(matter remitted for hearing concerning prosecution's apparent improper withholding of witness's cooperation agreement) **[ADA Timothy Bakkin]**;

22.    *People v. Perkins*, 227 A.D.2d 572 (2d Dep't 1996)(prosecutor failed to disclose cooperation agreement as required with witness);

23.    *People v. Callendar*, 227 A.D.2d 499 (2d Dep't 1996) (conviction reversed due to ADA's failure to turn over notes of detective's prior statement]) **[ADA Jeffrey Levitt]**;

24.    *People v. Bruce*, 224 A.D.2d 438 (2d Dep't 1996)(conviction reversed for prosecutor's failure to produce police reports containing impeachment material);

25.    *People v. Dominic Dupont*, Kings County Indictment Number 6287/97 (Feldman, J.)(court found ADA made misrepresentation by claiming Office did not possess  physical evidence specifically requested by the defense);

26.    *People v. LaSalle*, 243 A.D.2d 490 (2d Dep't 1997)(conviction reversed due to prosecutor's "blatant misrepresentation of the facts" during summation) **[ADA Nancy Slater]**;

27.    *People v. Gourgue*, 239 A.D.2d 357 (2d Dep't 1997) (prosecutor put notes of complainant's statements in the form of questions to "circumvent" disclosure obligation; conviction reversed) **[ADA Maria Bukumira]**;

28.    *People v. Hill*, 244 A.D.2d 572 (2d Dep't 1997)(prosecutor sanctioned for failing to disclose 911 tape);

29.    *People v. Bond*, 95 N.Y.2d 840 (2000)(myriad *Brady* violations established at CPL 440.10 hearing, including failure to disclose material witness proceeding concerning principal witness; conviction reversed due to failure of D.A. to disclose prior unrecorded statements to police by People's main witness that she did not see the shooting about which she testified as an "eyewitness")**[ADA Stan Irwin]**;

30.    *People v. Davis*, 709 N.Y.S.2d 345 (Sup.Ct. Kings Co. 2000)(D.A.'s Office violated court's order to disclose exculpatory evidence to defense before indictment; indictment dismissed) **[ADA Lawrence Fredella]**;

31.    *People v. Campbell*, 269 A.D.2d 460 (2d Dep't 2000) (prosecutor's suppression of *Rosario* material, a tape-recorded statement by the complainant, required reversal of

**ATTORNEY WORK PRODUCT**
**PRIVILEGED AND CONFIDENTIAL**

conviction) **[ADA Arlene Markarian]**;

32. *People v. Calabria*, 94 N.Y.2d 519 (2000)(prosecutor repeatedly defied court's ruling and made false or misleading argument to jury)**[ADA John Theodorelis]**;

33. *People v. Campos*, 281 A.D.2d 638 (2d Dep't 2001)(prosecutor failed to timely disclose *Brady* material; prejudice not sufficient to require reversal) **[ADAs Mark Hale and Joe Calabrese]**;

34. *Leka v. Portuondo*, 257 F.3d 89 (2d Cir. 2001)(conviction overturned on habeas review due to ADA's suppression of *Brady* material; ADA additionally misled defense counsel regarding a crucial witness) **[ADA Kenneth Rigby]**;

35. *Boyette v. LeFevre*, 246 F.3d 78 (2d Cir. 2001)(conviction vacated on habeas review because prosecutors had suppressed numerous items of *Brady* material could have persuaded the jury to acquit the defendant, who had a strong alibi defense) **[ADA Sean Courtney]**;

36. *People v. King*, 298 A.D.2d 530 (2d Dep't 2002)(prosecutor's failure to disclose 911 tape before trial as required by law required conviction to be reversed);

37. *People v. Vielman*, 31 A.D.3d 674 (2d Dep't 2006)(reversing conviction because prosecutor's summation rested on a "false premise" and was a "blatant attempt to mislead the jury");

38. *People v. Jones*, 31 A.D.3d 666 (2d Dep't 2006)(prosecution fails to correct the false testimony of a key witness);

39. *People v. Thompson*, 54 A.D.3d 975 (2d Dep't 2008)(prosecutor suppressed "*Brady* material" indicating someone other than the defendant committed the crime);

40. *People v. Malik*, 25 Misc.3d 1214(A) (Sup. Ct. Kings County 2009)(Goldberg, J.)(prosecution's suppression of police report and other documents required vacatur of conviction); **[ADA Samantha Magnani]**

41. *People v. Russ and Bumpus*, 79 N.Y.2d 152 (1992)

42. *People v. Quezada*, Ind. No. 13306/91, later reported at 16 Misc.3d 1113(A) (Sup. Ct. Kings Co. 2007) (denying 44) and sub nom *Quezada v. Smith*, 624 F.3d 514 (2d Cir. 2010) (granting permission to file second habeas petition); **[Ephraim W. Shaban]**

43. *People v. Marshall*, Ind. Nos. 7578/92 (Kings Co.) **[ADA Michael Vecchione]**; Ind. Nos.

**ATTORNEY WORK PRODUCT**
**PRIVILEGED AND CONFIDENTIAL**

9490/92 (Kings Co.) and 12592/92 (Kings Co.) **[ADA Daniel Hollman]**

44. *People v. Vilardi*, 76 N.Y.2d 67 (1990): **[ADA Sean Courtney]**

45. *People v. Cotton,* 242 A.D.2d 638 (1997): **[ADA Jeffrey Kern]**

46. *People v. Pizzali*, 159 A.D.2d 652 (2d Dept. 1992):

47. *People v. Ortiz*, 185 A.D.2d 998 (2d Dept. 1992):

48. *People v. Bruce*, 224 A.D.2d 438 (2d Dept. 1996): **[ADA Lisa Gollihue]**

49. *People v. Ranta*, 203 A.D.2d 307 (2d Dept. 1994): **[ADAs Barry Schneider and Suzanne Mondo]**

50. *People v. Julio Acevedo*, Ind. Nos. 9292/87 and 1373/87 (Kings Co.): **[ADA James Leeper]**